UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHRISTINA CHALREO BREAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:20-CV-190 |
| | ) | |
| AGBE BEN EPOU | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed a Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing herself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and

still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] Plaintiff's claim may not proceed for the following reasons.

### A. Factual Allegations

Plaintiff filed a Complaint [Doc. 2] on September 11, 2020 and a Supplement to that Complaint on September 17, 2020 [Doc. 7][2]. Therein, Plaintiff Christina Chalreo Breault, a citizen of Greene County, Tennessee, alleges that Defendant Agbe Ben Epou, a citizen of Orange County, New York, defamed and harassed Plaintiff in videos posted on Defendant's YouTube channel; cyberstalked Plaintiff on her personal blog; and wrongly disclosed the content of private e-mails Plaintiff had sent to Defendant. Plaintiff's complaint alleges that her contact with Defendant began

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

[2] Plaintiff's Supplement is actually a request that she be permitted to amend her Complaint by replacing the first page of the original Complaint with the Supplement. Although Plaintiff's Supplement does not comply with applicable rules regarding supplementation, the Court has considered the content of the Supplement in issuing its Report and Recommendation given that Plaintiff is representing herself in this action.

on August 20, 2020 when she contacted Defendant in response to a YouTube video he had posted describing an opportunity to sell insurance. [Doc. 2, p. 2]. The parties subsequently communicated with one another about this opportunity and other matters which ultimately led to Plaintiff inviting Defendant to join her online community so he could share his YouTube videos and books on it. *Id.*

Things quickly took an unpleasant turn between the parties when Plaintiff emailed Defendant on August 24, 2020 to let him know that she disagreed with his views about the planet Saturn contained in a video he sent to be posted to her online community. *Id.* While Defendant's initial response to the email appeared to be positive, Plaintiff alleges that a short time later Defendant posted a "slanderous and scandalous video" on his YouTube channel about Plaintiff. Plaintiff states that she filed a privacy request with YouTube regarding the video and in response YouTube did remove the video from Defendant's channel. *Id.*

According to Plaintiff, YouTube's removal of the video did not put an end to Defendant harassing her. She alleges that on August 26, 2020, Defendant posted two more videos with an "intent to slander and cyber-attack" her. [Doc. 2, p. 3]. At Plaintiff's request, YouTube removed the first of these two videos from Defendant's channel, but before YouTube had time to act upon Plaintiff's request to remove the second one, Defendant himself removed it. *Id.* In one such video, Plaintiff states that Defendant threatened to give her an "ass whopping [she] will never forget." *Id.*

Plaintiff claims that Defendant proceeded to post two more videos which included fabricated claims and threats against her. [Doc. 2, p. 3-4]. Defendant allegedly asked "somebody to stop this lady[.]" [Doc. 2, p. 5]. Plaintiff does not address in her Complaint whether she requested that YouTube take these videos down as she had the other three.

Plaintiff contends that Defendant's conduct is actionable under 42 U.S.C. § 1983, Tennessee Code Annotated §§ 29-24-104(a)(b), 39-17-308(1), and 39-17-315(a)(1)-(4); and N.Y. Penal Law §§ 240.30(1)(a)(b) and .31 (LexisNexis 2019). Plaintiff alleges that as a result of these violations she is entitled to a permanent injunction which both prohibits Defendant from publishing information referencing Plaintiff and also directs him to delete videos, internet writings, or other postings referencing Plaintiff and her business Ilumina Publication. Plaintiff further demands $5,000 to compensate her for time spent researching and drafting this complaint, other punitive damages to compensate Plaintiff for emotional distress and embarrassment caused by Defendant's actions, and any further relief the Court deems appropriate.

### B. This Court lacks subject matter jurisdiction over Plaintiff's claim.

Federal courts have limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005). Put another way, federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court "is obliged to notice want of subject matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 132 n.1 (1995) (Ginsburg, J., concurring). In making this preliminary determination, the Court turns to the jurisdictional authority granted under federal statute. Federal law provides two primary avenues for a federal court to obtain subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

#### a. Plaintiff's claims do not provide a basis for exercising federal question jurisdiction.

District courts may hear claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under the Constitution, laws, or treaties of the United States where a federal claim is evident on the face of a "well-pleaded complaint." *Merrell

*Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A well-pleaded complaint is one in which claims, not mere theories, invoke federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988). In analyzing a complaint, the Sixth Circuit has looked at whether a federal claim is "substantial" meaning that it has not been "rendered frivolous" by past decisions. *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

Here, Plaintiff alleges that Defendant (1) wrongly published information she shared with him during private email exchanges; (2) defamed and harassed her in videos published on YouTube; and (3) cyberstalked her. Plaintiff asserts that her claims arise, in part, under 42 U.S.C. § 1983; however, nowhere in Plaintiff's complaint does she allege that Defendant acted under color of law. The Supreme Court has explained that § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Liability under 42 U.S.C. § 1983 is expressly limited to persons acting under color of law. *Webb v. U.S.,* 789 F.3d 647, 659 (6th Cir. 2015).

The facts in the case at hand indicate that Defendant is a private person and Plaintiff makes no claim that he acted on behalf of the government. The matters discussed by the parties were their philosophical views of the universe and insurance sales. Further, it does not appear that Defendant ever claimed to be acting on behalf of any governmental entity. While this is the only theory directly asserted by Plaintiff which would permit the exercise of federal question jurisdiction, given that Plaintiff is acting pro se in this matter, the Court has considered whether the factual allegations set forth in her Complaint might give rise to any other federal cause of action.[3]

---

[3] "Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

Plaintiff's harassment and defamation claims expressly rely on the state statutory authority cited in the Complaint [Doc. 2].[4] Further, there is no federal cause of action to address Plaintiff's assertion that Defendant wrongly published private email communications, which would potentially constitute a common law tort. *See* RESTATEMENT (Second) OF TORTS §652D (Am. L. Inst. 1977). Rather, state law is applied to causes of action alleging publication of private facts. *See e.g. Hoffman v. GC Servs. Ltd. P'ship.,* 2010 WL 9113645 at *20 (E.D. Tenn. Mar. 3, 2010) (applying state law to a "claim for public disclosure of private facts").

The Court also finds that Plaintiff has not set forth facts which would be actionable under the federal cyberstalking law. Title 18 makes interstate stalking a criminal offense. *See* 18 U.S.C. § 2261A. The applicable provision states that

> [w]hoever . . . (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that . . . (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A)[.]

18 USCS § 2261A. For a suit to proceed under this provision; however, Congress must have intended to create a private cause of action under the statute. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986). The federal cyberstalking statute does not contain the necessary provision. *Murray v. Williams,* 2016 WL 1122050 at *10 (E.D. Tenn. Mar. 22, 2016). For that reason, Plaintiff's claim that she was cyberstalked is not governed by federal statute and may not be heard based on federal question jurisdiction.

---

[4] Plaintiff's Complaint [Doc. 2] also asserts claims under N.Y. Penal Code §§ 240.30 -.31, both of which are criminal harassment statutes, and claims under these statutes may not be brought via civil suit. Plaintiff further relies on Tennessee Code Annotated §§ 29-24-104, 39-17-308, and 39-17-315 which govern defamation by broadcasting stations, criminal harassment and criminal stalking respectively, and are inapplicable to the acts committed by Defendant.

### b. Plaintiff's claims do not provide a basis for exercising jurisdiction based upon diversity of citizenship.

In the instant matter, Plaintiff raises multiple state law tort claims. Claims arising under state law may be heard in federal court where they comply with the requirements of diversity of citizenship jurisdiction set forth in 28 U.S.C. § 1332. For diversity jurisdiction to be employed, there must be complete diversity between the parties, meaning "no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.,* 596 F.3d 354, 355 (6th Cir. 2010). A plaintiff must also show that the amount in controversy "exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332. Where the amount in controversy in unclear, the burden rests on plaintiff to offer proof that the amount in controversy exceeds $75,000. *Jones v. Life Ins. Co. of N. Am.*, 746 F. Supp. 2d 850, 852 (W.D. Ky. 2010).

Here, Plaintiff is a citizen of Tennessee and Defendant is alleged to be a citizen of New York. This fulfills the complete diversity of citizenship requirement; however, Plaintiff seeks monetary damages of only $5,000.00 and "punitive damages" in an unnamed amount. The requested relief actually set forth in the Complaint falls well below the amount in controversy requirement. Moreover, while in no way diminishing the harm Plaintiff may have suffered as a result of Defendant's actions, she has failed to allege facts which would suggest that a judgment in the amount necessary to establish diversity jurisdiction would be warranted. Additionally, the Complaint does not allege that should the Court issue the injunction requested by Plaintiff that Defendant would be expected to incur significant costs in complying with it; therefore, Plaintiff has failed to demonstrate that the required $75,000.00 threshold would be met even when combining the expected amount of any monetary award to Plaintiff with expected costs to Defendant. *See Alinsub v. T-Mobile,* 414 F.Supp.2d 825, 827 (W.D. Tenn. 2006)(noting that the

amount-in-controversy is generally determined from the complaint itself). Accordingly, the Court is unable to assume jurisdiction of this matter via diversity jurisdiction.

    **C.**    **Conclusion.**

As set forth above, federal courts are courts of limited jurisdiction and Plaintiff has failed to demonstrate that her claims against Defendant are the type over which this Court may assume jurisdiction; therefore, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** without prejudice so that Plaintiff may bring her action in an appropriate forum if she so chooses.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[5]

    Respectfully submitted,

    s/ Cynthia Richardson Wyrick
    UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).